IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| AKAELIA L., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CASE NO. 2:24-cv-608-JTA |
| ) | (WO) |
| FRANK BISIGNANO,[1] Commissioner ) | |
| of Social Security, ) | |
| ) | |
| Defendant. ) | |

# **MEMORANDUM OPINION AND ORDER**

Pursuant to 42 U.S.C. § 405(g), Akaelia L. brings this action to review a final decision by the Commissioner of Social Security ("Commissioner"). (Doc. No. 1.)[2] The Commissioner denied Plaintiff's application for Supplemental Security Income ("SSI") and claim for a period of disability and Disability Insurance Benefits ("DIB"). The Court construes Plaintiff's memorandum in support of her Complaint (Doc. No. 10) as a motion for summary judgment and the Commissioner's memorandum in support of the Commissioner's decision as a motion for summary judgment (Doc. No. 16). The parties have consented to the exercise of dispositive jurisdiction by a magistrate judge pursuant to 28 U.S.C. § 636(c). (Docs. No. 8, 9.)

---

[1] Frank Bisignano became the Commissioner of Social Security on May 6, 2025, and under Federal Rule of Civil Procedure 25(d) is automatically substituted as the defendant. *See* Fed. R. Civ. P. 25(d).

[2] Document numbers as they appear on the docket sheet are designated as "Doc. No."

1

After scrutiny of the record and the parties' motions, the Court finds Plaintiff's motion for summary judgment is due to be DENIED, the Commissioner's motion for summary judgment is due to be GRANTED, and the Commissioner's decision is due to be AFFIRMED.

## I.   PROCEDURAL HISTORY AND FACTS

Plaintiff is an adult woman[3] with a high school education and no past relevant work. (R. 20, 220, 258.)[4] She alleged a disability onset date of August 10, 2021, due to major depressive disorder ("MDD") with psychotic features, schizoaffective disorder, schizophrenia, and anxiety disorder. (R. 16, 31.) On November 15, 2021, Plaintiff filed a Title II application (42 U.S.C. §§ 401, *et seq*.) for a period of disability and DIB and a Title XVI application (42 U.S.C. §§ 1381, *et seq*.) for SSI. (R. 13, 203, 234.) The applications were denied initially and upon reconsideration. (R. 13, 65–88.) Plaintiff requested an administrative hearing on October 12, 2022. (R. 113.)

The Administrative Law Judge ("ALJ") held an administrative hearing on July 5, 2023.[5] (R. 27.) At the hearing, Plaintiff's attorney agreed the record was complete and did not request a mental consultative examination. (R. 30.)

---

[3] Plaintiff was 22 years old at the alleged disability onset date. (R. 65.)

[4] Citations to the administrative record ("R.") are consistent with the transcript of administrative proceedings filed in this case. (*See* Doc. No. 7.)

[5] Plaintiff was absent at the beginning of the administrative hearing, although her attorney expected her to be present and had spoken with her in preparation for the hearing. (R. 29.) It was determined the Commissioner had not updated her address in the record despite the filing of a notice of change of address. (R. 30.) Without waiving Plaintiff's right to testify, her attorney presented her case and answered the ALJ's questions regarding her symptoms and other relevant matters. (R. 29-30.) Then, with her attorney's agreement, the ALJ proceeded to question the vocational expert ("VE").

Following the administrative hearing, the ALJ denied Plaintiff's request for benefits in a decision dated December 26, 2023. (R. 13–22.)

Plaintiff requested review by the Appeals Council, and it denied review on July 25, 2024. (R. 1–5.) Consequently, the hearing decision became the final decision of the Commissioner. *See* 42 U.S.C. § 405(g); *Doughty v. Apfel*, 245 F.3d 1274, 1278 (11th Cir. 2001) (citation omitted) ("When as in this case, the ALJ denies benefits and the [Appeals Council] denies review, [the court] review[s] the ALJ's decision as the Commissioner's final decision.").

On September 27, 2024, Plaintiff filed this action seeking review of the Commissioner's final decision. (Doc. No. 1.) The parties have briefed their respective positions. (Docs. No. 10, 16.)

This matter is ripe for review.

## II. STANDARD OF REVIEW

Judicial review of disability claims is limited to whether the Commissioner's decision is supported by substantial evidence and whether the correct legal standards were applied. 42 U.S.C. § 405(g); *Dyer v. Barnhart,* 395 F.3d 1206, 1210 (11th Cir. 2005). The court "must scrutinize the record as a whole to determine if the decision reached is reasonable and supported by substantial evidence." *Schink v. Comm'r of Soc. Sec.*, 935

---

(R. 32.) Plaintiff arrived at the hearing during the VE's testimony. (R. 35.) After the VE completed his testimony, the ALJ took testimony from Plaintiff, then offered her attorney an opportunity to further question the VE. (R. 34–35; R. 36–53.) Her attorney declined to further question the VE, stating: "[J]udge, I feel like you've covered the basics of what would be in any follow up, thank you." (R. 52–53.)

F.3d 1245, 1257 (11th Cir. 2019) (citations omitted). "Substantial evidence" is more than a mere scintilla and is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004) (quoting *Lewis v. Callahan*, 125 F.3d 1346, 1349 (11th Cir. 1997)). Even if the Commissioner's decision is not supported by a preponderance of the evidence, the findings must be affirmed if they are supported by substantial evidence. *Id.* at 1158-59; *see also Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). The court may not find new facts, reweigh evidence, or substitute its own judgment for that of the Commissioner. *Bailey v. Soc. Sec. Admin., Comm'r*, 791 F. App'x 136, 139 (11th Cir. 2019); *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004); *Dyer*, 395 F.3d at 1210. However, the Commissioner's conclusions of law are not entitled to the same deference as findings of fact and are reviewed *de novo*. *Ingram v. Comm'r of Soc. Sec. Admin.*, 496 F.3d 1253, 1260 (11th Cir. 2007).

Sentence four of 42 U.S.C. § 405(g) authorizes the district court to "enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing." 42 U.S.C. § 405(g). The district court may remand a case to the Commissioner for a rehearing if the court finds "either . . . the decision is not supported by substantial evidence, or . . . the Commissioner or the ALJ incorrectly applied the law relevant to the disability claim." *Jackson v. Chater*, 99 F.3d 1086, 1092 (11th Cir. 1996).

## III.   STANDARD FOR DETERMINING DISABILITY

An individual who files an application for DIB[6] must prove that she is disabled. *See* 20 C.F.R. § 404.1505. The Act defines "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); 20 C.F.R. § 405.1505(a).

Disability under the Act is determined under a five-step sequential evaluation process. 20 C.F.R. § 404.1520. The evaluation is made at the hearing conducted by the ALJ. *See Washington v. Comm'r of Soc. Sec.*, 906 F.3d 1353, 1359 (11th Cir. 2018). First, the ALJ must determine whether the claimant is currently engaged in substantial gainful activity. 20 C.F.R. § 404.1520(b). "Substantial gainful activity" is work activity that involves significant physical or mental activities. 20 C.F.R. § 404.1572(a). If the ALJ finds that the claimant is engaged in substantial gainful activity, the claimant cannot claim disability. 20 C.F.R. § 404.1520(b). Second, the ALJ must determine whether the claimant has a medically determinable impairment or a combination of impairments that significantly limit the claimant's ability to perform basic work activities. 20 C.F.R. § 404.1520(c). Absent such impairment, the claimant may not claim disability. *Id*. Third, the ALJ must determine whether the claimant meets or medically equals the criteria of an

---

[6] Although DIB and SSI are separate programs, the standards for determining disability are identical. *See Patterson v. Bowen*, 799 F.2d 1455, 1456 n.1 (11th Cir. 1986); *Miles v. Soc. Sec. Admin., Comm'r*, 469 F. App'x 743, 744 (11th Cir. 2012).

impairment listed in 20 C.F.R. § 404, Subpart P, Appendix 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). If such criteria are met, then the claimant is declared disabled. 20 C.F.R. § 404.1520(d).

If the claimant has failed to establish that she is disabled at the third step, the ALJ may still find disability under the next two steps of the analysis. At the fourth step, the ALJ must determine the claimant's residual functional capacity ("RFC"), which refers to the claimant's ability to work despite her impairments. 20 C.F.R. § 404.1520(e). The ALJ must determine whether the claimant has the RFC to perform past relevant work. 20 C.F.R. § 404.1520(f). If it is determined that the claimant is capable of performing past relevant work, then the claimant is not disabled. 20 C.F.R. § 404.1560(b)(3). If the ALJ finds that the claimant is unable to perform past relevant work, then the analysis proceeds to the fifth and final step. 20 C.F.R. § 404.1520(g)(1).

In this final analytical step, the ALJ must decide whether the claimant is able to perform any other relevant work corresponding with her RFC, age, education, and work experience. 20 C.F.R. § 404.1560(c). Here, the burden of proof shifts from the claimant to the ALJ in proving the existence of a significant number of jobs in the national economy that the claimant can perform given her RFC, age, education, and work experience. 20 C.F.R. §§ 404.1520(g), 404.1560(c). *See Hale v. Bowen*, 831 F.2d 1007, 1011 (11th Cir. 1987) ("The burden then shifts to the Secretary to show the existence of other jobs in the national economy which, given the claimant's impairments, the claimant can perform."). To determine the existence of other jobs which the claimant can perform, the ALJ may rely

on the testimony of a VE. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1180 (11th Cir. 2011).

## IV. ADMINISTRATIVE DECISION

Within the structure of the sequential evaluation process, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. (R. 15.) The ALJ determined Plaintiff suffers from the following severe impairments that significantly limit her ability to perform basic work activities: MDD with psychotic features, schizoaffective disorder, schizophrenia, and anxiety disorder. (R. 16.) Nevertheless, the ALJ concluded Plaintiff does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 C.F.R. § 404, Subpart P, Appendix 1. (*Id.*)

After consideration of the record, the ALJ determined Plaintiff has the RFC to perform a full range of work at all exertional levels, but with the following nonexertional limitations:

> [Plaintiff] is limited to unskilled work activity defined as simple routine tasks involving no more than simple short instructions making simple work-related decisions with few workplace changes and routine supervision. She is limited to no more than occasional interaction with coworkers and the general public. Plaintiff cannot engage in teamwork and no work at a fixed production rate pace but rather goal-oriented work.

(R. 18.) In determining Plaintiff's RFC, the ALJ discussed Plaintiff's medical records at length. (R. 18–20.) The ALJ found the medical records consistently demonstrated Plaintiff was "treated with a regimen of prescription medications resultant in good symptom management and control with medication compliance," but her symptoms worsened when

she stopped complying with her prescribed treatment. (*Id.*) Accordingly, the ALJ found Plaintiff's "statements concerning the intensity, persistence, and limiting effects of [her] symptoms [were] not entirely consistent with the medical evidence and other evidence in the record." (R. 19.)

Because Plaintiff had no past relevant work, the ALJ did not address whether she is able to perform any past relevant work. (R. 20.) Nonetheless, the ALJ determined a significant number of jobs exist in the national economy Plaintiff can perform given her age, education, work experience, and RFC. (R. 21.) The ALJ further concluded Plaintiff had not been under a disability from November 15, 2021, to December 26, 2023, the date of the ALJ's decision. (R. 31.) The ALJ found Plaintiff "is not disabled under section 1614(a)(3)(A) of the Social Security Act." (*Id.*).

## V.     DISCUSSION

Plaintiff presents one argument: the ALJ erred by not ordering a mental consultative examination. (Doc. No. 10 at 2.) The Commissioner responds no mental consultative examination was necessary and, therefore, the ALJ did not err. (Doc. No. 16 at 1.)

"Because a hearing before an ALJ is not an adversary proceeding, the ALJ has a basic obligation to develop a full and fair record." *Graham v. Apfel*, 129 F.3d 1420, 1422 (11th Cir. 1997) (citation omitted). "But '[t]he social security hearing examiner . . . does not act as counsel. He acts as an examiner charged with developing the facts.'" *Smith v. Schweiker*, 677 F.2d 826, 829 (11th Cir. 1982) (quoting *McConnell v. Schweiker*, 655 F.2d

604, 606 (5th Cir. 1981)).[7] "[T]he ALJ's obligation to develop the record does not relieve the claimant of the burden of proving she is disabled." *Walker v. Comm'r of Soc. Sec.*, 404 F. App'x 362, 366 (11th Cir. 2010) (citing *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003)); *see also* 20 C.F.R. § 404.1512(a) ("In general, you have to prove to us that you are . . . disabled."); 20 C.F.R. § 416.912(a) (same).

In conjunction with the ALJ's duty to develop the record, the ALJ has the discretion to order a consultative examination. 20 C.F.R. § 404.1512(b)(2); 20 C.F.R. § 416.917; 20 C.F.R. § 416.919. The ALJ "may purchase a consultative examination to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision on [the] claim." 20 C.F.R. § 416.919a(b); *see also* 20 C.F.R. § 404.1519a (same). Still, "the ALJ . . . need not order a consultative examination as long as the record contains sufficient evidence for [the ALJ] to make an informed decision." *Banks for Hunter v. Comm'r, Soc. Sec. Admin.*, 686 F. App'x 706, 713 (11th Cir. 2017) (citing *Ingram*, 496 F.3d at 1269).

Here, after thorough consideration of the medical record, the ALJ concluded Plaintiff's "statements about the intensity, persistence, and limiting effects of her symptoms were "inconsistent with the medical evidence of record" because treatment records showed "good symptom management and control" when she complied with her prescription medication regimen. (R. 19.) *See* 20 C.F.R. § 404.1530(a)–(b) ("[T]o get benefits, you must

---

[7] *See Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc) (adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981).

9

follow treatment prescribed by your medical source(s) if this treatment is expected to restore your ability to work . . . . If you do not follow the prescribed treatment without a good reason,[8] we will not find you disabled or, if you are already receiving benefits, we will stop paying you benefits."); 20 C.F.R. § 416.930(a)–(b) (same).

As Plaintiff points out, the ALJ did not order a mental consultative examination to obtain a physician's assessment of her mental functional capacity. However, the absence of a physician's assessment of her mental functional abilities does not inherently render the record incomplete, ambiguous, or insufficient for the ALJ to make a determination. Although "the ALJ must consider the claimant's medical condition as a whole and must provide a sufficient rationale to link the evidence to his RFC determination," the claimant's RFC and ability to work are "issue[s] reserved for the Commissioner." *Getman v. Kijakazi*, No. 3:22-CV-38-SMD, 2023 WL 5803701, at *3 (M.D. Ala. Sept. 7, 2023) (citing 20 C.F.R. §§ 404.1545(a)(3); 416.945(a)(3); *Pate v. Comm'r of Soc. Sec.*, 678 F. App'x 833, 834 (11th Cir. 2017) (citing in turn 20 C.F.R. § 404.1527(d)(2)); *Russ v. Barnhart*, 363 F. Supp. 2d 1345, 1347 (M.D. Fla. 2005) (citing in turn *Keeton v. Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994)); *see also Robinson v. Astrue*, 365 F. App'x 993, 999 (11th

---

[8] The ALJ noted that, at the hearing, Plaintiff contended she stopped taking her medication in part because she found out she was pregnant. (R. 19, 45.) On appeal, Plaintiff does not argue her pregnancy or any other factor warranted "good cause" not to take her medication. Nor does she demonstrate that pausing her prescription medication due to pregnancy would cause her alleged mental functional limitations to prevent her from working for a continuous period of at least one year. *See* 42 U.S.C. § 423(d)(1)(A) (defining "disability" as the "inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months"); 20 C.F.R. §§ 405.1505(a), 416.905(a).

Cir. 2010) ("[T]he task of determining a claimant's residual functional capacity and ability to work is within the province of the ALJ, not of doctors.").

In addition, "there must be a showing of prejudice before [the court] will find that the claimant's right to due process has been violated to such a degree that the case must be remanded to the [ALJ] for further development of the record." *Brown v. Shalala*, 44 F.3d 931, 935 (11th Cir. 1995). In assessing the necessity for a remand, the court is "guided by whether the record reveals evidentiary gaps which result in unfairness or clear prejudice." *Id; see also Smith v. Comm'r of Soc. Sec.*, 501 F. App'x 875, 878–79 (11th Cir. 2012) (finding the ALJ's failure to order a consultative psychological evaluation was not error because the record does not reveal an evidentiary gap that prejudiced the plaintiff). To establish an evidentiary gap in the record, the claimant must identify "what facts could have been submitted . . . that would have changed the outcome." *Edwards v. Sullivan*, 937 F.2d 580, 586 (11th Cir. 1991); *see also Henderson v. Comm'r of Soc. Sec.*, 353 F. App'x 303, 305 (11th Cir. 2009) (holding the claimant failed to show prejudice because she "d[id] not explain how the absence of a mental RFC assessment from the record precluded the ALJ from making an informed disability determination. Nor does she explain how such an assessment would have affected the ALJ's overall disability determination.").

Here, the Court concludes the record contained sufficient evidence to reach an informed decision, and the record as a whole was sufficient for the ALJ to conclude that Plaintiff was not disabled. *See* 20 C.F.R. § 416.919(b); *Ingram*, 496 F.3d at 1269. The

11

relevant medical evidence consisted of records spanning over two and one-half years,[9] including records from Plaintiff's four medical providers and two state agency medical consultants.[10] (R. 376, 761.) From the ALJ's summary of the medical evidence in the hearing decision, it appears the ALJ considered all the medical records that existed from Plaintiff's alleged onset date through the date of the hearing decision. (R. 16-20.) Nothing before the Court shows that Plaintiff challenged the accuracy or sufficiency of those medical records.

Besides, Plaintiff has failed to show that any unfairness or clear prejudice resulted due to the lack of a mental consultative examination. She has not identified any inconsistencies in the record that would necessitate a mental consultative examination or identified any evidentiary gaps. Nor does she show her condition worsened at some

---

[9] The latest of these records came from a mental health provider who, three weeks before the hearing, noted Plaintiff "was calm and seemed to be in a natural mood" and "said that she has been eating and sleeping well and taking her medication as prescribed." (R. 756.) At that time, Plaintiff "denied having any hallucinations, paranoid thoughts, or feelings of depression." (*Id*.) She stated she "ha[d] started working, so her feelings and emotions ha[d] been low," and "[s]he said the medication helps a lot." (*Id*.) According to the medical record, "[c]ounselor and client discussed her treatment plan goals. She said that everything was pretty good with her. She just wants to remain stable." (*Id*.) One of Plaintiff's treatment goals was "to get back on her medication" and she had shown "[g]ood [i]mprovement" in fulfilling her stated objective of "tak[ing] medication 7 of 7 days a week." (R. 752.) The ALJ noted this record in his opinion. (R. 20.)

[10] The ALJ discounted the findings of the state agency medical consultants, who had determined the claim to be insufficient. (R. 20.) He stated:

> The State agency psychological consultants who reviewed the evidence at the initial and reconsideration stages of adjudication determined the claim was insufficient (1A, 4A, 6A-7A). These opinions are not persuasive. The undersigned finds that the record supports a more limiting residual functional capacity of nonexertional work and simple tasks due to psychological symptoms. However, these symptoms are not disabling as alleged by the claimant. It should be further noted that no physician has placed greater restrictions on the claimant than those adopted herein.

12

pertinent juncture or that she developed new limitations which necessitated a mental consultative examination. Nor does she identify what facts would have been discovered in a mental consultative examination that would have supported her disability claim. Speculation does not suffice. *See McCabe v. Comm'r of Soc. Sec.*, 661 F. App'x 596, 599 (11th Cir. 2016) (stating "[a] claimant cannot show prejudice by speculating that she would have benefitted from a more comprehensive hearing"). Notably, the record shows that during the administrative hearing Plaintiff did not contend the medical evidence before the ALJ was inadequate or that further medical evidence was needed to evaluate her mental condition.[11] *See Osborn v. Barnhart*, 194 F. App'x 654, 668–69 (11th Cir. 2006) (rejecting the plaintiff's contention that more medical evidence was necessary because, among other reasons, Plaintiff "had the burden of producing evidence in support of his claim and was represented by counsel, who neither requested a clarification nor objected that the medical records were inadequate"). Nor is there any evidence in the record showing Plaintiff requested the ALJ to order a mental consultative examination or argued the same to the Appeals Council. (R. 1–2, 32, 225–26.). Hence, prior to seeking judicial review, Plaintiff apparently did not believe a mental consultative examination was necessary and she has failed to persuade the Court that one is necessary now.

---

[11] At the hearing, the ALJ asked, "[I]s the record complete?" (R. 30.) Plaintiff's attorney responded: "It is to the best of my knowledge." (*Id.*)

13

Further, Plaintiff's sparse arguments[12] are unsupported and undeveloped. Citing merely the lack of a mental consultative examination, she argues the record was insufficient to support the ALJ's decision. (Doc. No. 10 at 9–10.) She fails to offer any explanation for how the absence of a mental consultative examination resulted in reversible error. Though she cites one section of the United States Code and four cases, none the cited authorities stand for the proposition that an ALJ's determination is inherently flawed whenever the record lacks a mental consultative examination, regardless of whether such an examination is necessary to resolve a fatal insufficiency or incongruency in the record. In fact, the authorities Plaintiff cited state the contrary. *Banks*, 686 F. App'x at 713 ("Ordering a consultative examination is a discretionary matter for the ALJ and would be sought 'to try to resolve an inconsistency in the evidence or when the evidence as a whole is insufficient to support a determination or decision' on the claim." (quoting 20 C.F.R. § 416.919a(b)); *Ingram*, 496 F.3d at 1269 ("The administrative law judge has a duty to develop the record where appropriate but is not required to order a consultative examination as long as the record contains sufficient evidence for the administrative law judge to make an informed decision."); *Reeves v. Heckler*, 734 F.2d 519, 522 n.1 (11th Cir. 1984) ("The regulations provide that the ALJ may order a consultative examination when warranted. It is reversible error for an ALJ not to order a consultative examination when such an evaluation is necessary for him to make an informed decision." (citations omitted)); *Prunty v. Colvin*, No. 1:13-CV-00254-MP-GRJ, 2015 WL 1409664, at *7 & n. 25 (N.D. Fla. Mar. 26, 2015)

---

[12] Counting generously, Plaintiff's argument consumes slightly more than one page of her brief. (Doc. No. 10 at 8–9.)

(noting that "the ALJ may order a physical or mental examination of a claimant at the government's expense[,] but the ALJ is not required to order an examination if it is not necessary to enable the ALJ to make a disability determination" (citations and internal quotation marks omitted)), *aff'd sub nom. Prunty v. Acting Comm'r of Soc. Sec. Admin.*, 635 F. App'x 757 (11th Cir. 2015).

In sum, Plaintiff "fails to cite any part of the Social Security Act, the regulations, or any authority which supports [her] argument." *Fleeton v. O'Malley*, No. 2:23-CV-62-JTA, 2024 WL 235216, at *6 (M.D. Ala. Jan. 22, 2024). She "makes no arguments on the merits of the issue and cites no specific authority or evidence which supports [her] conclusion." *Id*. She offers "nothing more than conclusory and unsupported arguments which the Court deems are waived." *Id*.; *see Davis v. Soc. Sec. Admin., Comm'r*, No 4:20-CV-346-LSC, 2021 WL 3887467, at *6 (N.D. Ala. Aug. 31, 2021) (holding a claimant waived his challenge to the ALJ's RFC determination because he failed to present arguments as to why the ALJ's RFC assessment was conclusory) (citing *Outlaw v. Barnhard*, 197 F. App'x 825, 828 n.3 (11th Cir. 2006)); *Lewis v. Berryhill*, No. 1:17-CV-62-MW-GRJ, 2018 WL 1463725, at *5 (N.D. Fla. Mar. 1, 2018) ("[C]onclusory and unsupported arguments may be deemed waived.") (citing *N.L.R.B. v. McClain of Georgia, Inc.*, 138 F.3d 1418, 1422 (11th Cir. 1998)). Accordingly, the Court finds no reversible error.

## VI.    CONCLUSION

For the reasons stated, the Court finds the decision of the Commissioner is supported by substantial evidence and is in accordance with applicable law. Therefore, it is ORDERED as follows:

1.  Plaintiff's motion for summary judgment (Doc. No. 10) is DENIED.

2.  The Commissioner's motion for summary judgment (Doc. No. 16) is GRANTED.

3.  The decision of the Commissioner is AFFIRMED.

A separate judgment will issue.

DONE this 15th day of September, 2025.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE